UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
BORIS TEICHMANN,
                              Plaintiff,

                 -against-

NEW YORK CITY EMPLOYEES'
RETIREMENT SYSTEM,
                              Defendant.
------------------------------------------------------------- X

21 Civ. 5082 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      Plaintiff *pro se* Boris Teichmann brings this action against Defendant New York City Employees' Retirement System ("NYCERS"), alleging violations of due process under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983 and under the analogous provision of the New York Constitution, breach of contract and intentional infliction of emotional distress. Defendant moves to dismiss the Amended Complaint. For the reasons stated below, Defendant's motion is granted in part and denied in part.

**I.     BACKGROUND**

      The following facts are taken from the Amended Complaint, documents incorporated by reference in it, Plaintiff's opposition to Defendant's motion and exhibits thereto (collectively, the "Complaint"), and documents of which the Court may take judicial notice. *See Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021). Plaintiff's non-pleading filings are considered here because he is pro se. *See Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 839 n.4 (2d Cir. 2022). Plaintiff's allegations are accepted as true and construed in the light most favorable to the Plaintiff. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017). The Court takes judicial notice of administrative and state court records of proceedings concerning Plaintiff's pension benefits that Defendant submitted with its motion only for the fact that certain

statements were made, "without regard to the truth of their contents." *Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 (2d Cir. 2022) (cleaned up).

Until 2001, Plaintiff worked for the New York City Department of Housing Preservation and Development ("HPD"). Plaintiff became a vested member of NYCERS in 1988, and membership entitles him to pension benefits under certain circumstances. Plaintiff was injured on the job and as a result suffers from post-traumatic stress disorder, anxiety and other conditions that substantially interfere with activities of daily life. Plaintiff stopped working for HPD on December 9, 2001.

On December 18, 2008, Plaintiff filed his first application for disability pension benefits (the "2008 Application"). The application was deemed untimely and "could not be processed" because HPD's records showed that he had not been employed by HPD for over seven years. An application must "be filed within 3 months from the last date the member was paid on the payroll," or within a year of being discharged. N.Y. Retire. & Soc. Sec. Law § 605.

On November 10, 2011, HPD rescinded Plaintiff's "termination dated December 9, 2001," and placed him "on a no-cost leave without pay from December 9, 2001 for the sole purpose of allowing [him] to file for Disability retirement" within 30 days. On November 23, 2011, Plaintiff filed a second application (the "2011 Application"). On June 8, 2017, Defendant granted the 2011 Application, following two denials that were vacated and remanded following petitions by Plaintiff under Article 78.

In the June 8, 2017, decision, Defendant determined Plaintiff's retirement date for benefits purposes to be December 23, 2011, "the 30th day from the date on which [Plaintiff's] approved application was filed." Defendant's decision cited 2 N.Y.C.R.R. § 309.6, which provides that the effective date of retirement for purposes of disability retirement benefits is "the

date of filing of such disability retirement application or on the day after the last date on which the member receives salary, whichever is later."

Plaintiff sought clarification of the June 8, 2017, decision in several letters. On January 12, 2018, he asked for his benefits to be paid from "December 18, 2008 when [he] first applied for said pension," because he had been on unpaid leave at the time, not discharged from employment. Defendant responded on January 30, 2018, by reiterating that the 2008 Application "was not timely filed and was therefore not processed." On March 17, 2018, Plaintiff made the same request, and Defendant gave a similar response on April 17, 2018. Defendant also explained for the first time that, while Plaintiff was "eligible to submit a disability application" after having his status changed to leave without pay in 2011, his 2008 Application was untimely because his "status with [his] agency was not retroactive to [his] termination date of December 9, 2001."

On May 12, 2018, Plaintiff sent another letter, this time attaching a letter from HPD stating that his unpaid leave was "retroactively extended from December 9, 2001 to November 10, 2011." Defendant responded on June 11, 2018, and acknowledged that "[e]xtending your leave without pay status retroactively makes your December 18, 2008 disability application valid." Defendant stated that, ordinarily if a valid application "were to be considered, to be awarded a disability pension under this application, NYCERS Medical Board would need to find that you were disabled as of the date you filed this application, i.e., December 18, 2008." However, Defendant stated that "[t]he NYCERS Medical Board did not consider your December 18, 2008 application because you were not on payroll at the time you submitted it." No determination of Plaintiff's disability status as of 2008 was ever made.

Defendant explained its refusal even to consider Plaintiff's 2008 Application as follows:

3

> By being placed on leave without pay, you are still on payroll with your agency. Accordingly, your employment did not terminate until November 10, 2011. You filed for Disability Retirement on November 23, 2011. Therefore, based on NYCERS Rules, your retirement date was set at thirty (30) days after the date of filing of your application . . . ."

Defendant continued, "even if found disabled under [the 2008 Application], the [May 10, 2018] letter does not change your retirement date which must be the last day on payroll or the date you filed your application, whichever is later. As a result, your retirement date of December 23, 2011 shall remain." Under NYCERS rules, the effective date of retirement for purposes of Plaintiff's benefits is the "Later of: 30 days after the date the application is filed with NYCERS **or** Day after last day you were paid on your employer's payroll."

After receiving the June 11, 2018, letter, Plaintiff filed an Article 78 petition challenging Defendant's decision as arbitrary and capricious. His petition was dismissed as time barred by the four-month statute of limitations for Article 78 suits. The Appellate Division, First Department, affirmed. *Teichmann v. NYCERS*, 111 N.Y.S.3d 176 (1st Dep't 2019). The Court of Appeals denied leave to appeal in September 2020. *Teichmann v. NYCERS*, 152 N.E.3d 163 (N.Y. 2020). Plaintiff filed this action on June 7, 2021.

## II.     STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S.

4

662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for the Complaint to allege facts that are consistent with liability; it must "nudge[]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Estate of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

Courts must "afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted).

## III. DISCUSSION

### A. Substantive Due Process

Plaintiff's due process claim is dismissed to the extent it relies on alleged substantive due process violations, because the Complaint does not allege that Defendant acted so arbitrarily as to violate the Constitution.

"The first step in substantive due process analysis is to identify the constitutional right at stake." *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021). If such a right has been infringed, "the plaintiff 'must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Hurd*, 984 F.3d at 1087. If the constitutional right is the deprivation of property without due process of law, a complaint must allege that Plaintiff "had a valid property interest" and "defendants infringed on that

5

property right in an arbitrary or irrational manner." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 545 (2d Cir. 2014); *accord Kampfer v. Argotsinger*, 856 F. App'x 331, 334 (2d Cir. 2021) (summary order).

District courts have recognized that continued pension payments are a protected property interest under the Fourteenth Amendment. *See Smalls v. NYCERS*, No. 18 Civ. 5428, 2019 WL 3716444, at *4 (S.D.N.Y. Aug. 7, 2019); *Dukes v. NYCERS*, 361 F. Supp. 3d 358, 375 (S.D.N.Y. 2019). But any deprivation of Plaintiff's pension rights in this case did not deprive Plaintiff of substantive due process. The Complaint alleges that Defendant set Plaintiff's retirement date based on the end of his unpaid medical leave and/or the date of the 2011 Application. Defendant's decision -- to set Plaintiff's retirement date based on the last day he was "on payroll," rather than the last day he was actually "paid" -- may well be wrong, but it is not so arbitrary and unjustifiable as to shock the conscience. "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill advised." *Cunney v. Bd. of Trs.*, 660 F.3d 612, 626 (2d Cir. 2011); *see United States v. Ash*, 464 F. Supp. 3d 621, 632 (S.D.N.Y. 2020). Even if Defendant erred in limiting Plaintiff's benefits, "substantive due process does not entitle federal courts to examine every alleged violation of state law, especially ones that, while perhaps vexatious, are more routine than egregious." *Kuck v. Danaher*, 600 F.3d 159, 167 (2d Cir. 2010); *accord Marom v. Town of Greenburgh*, No. 18 Civ. 7637, 2020 WL 978514, at *12 (S.D.N.Y. Feb. 28, 2020); *cf. Durgin v. Town of Madison*, No. 10 Civ. 347, 2011 WL 692989, at *3, *6-8 (D. Conn. 2011) (denying motion to dismiss substantive due process claim for denial of disability pension that was issued with *no* reasoning whatsoever).

6

The same analysis applies to Plaintiff's substantive due process claim under the New York Constitution. *Myers v. Schneiderman*, 31 N.Y.S.3d 45, 52 (1st Dep't 2016) ("In general, the New York Court of Appeals uses the same analytical framework as the Supreme Court in considering due process cases . . . ."); *see also People ex rel. Johnson v. Superintendent, Adirondack Corr. Facility*, 163 N.E.3d 1041, 1049 n.7 (N.Y. 2020) (noting that "increased constitutional due process protections under the State Constitution" are limited to specific areas "in the absence of a fitting federal jurisprudence").

### B.  Procedural Due Process

Defendant's motion to dismiss is denied with respect to the section 1983 claim for a violation of procedural due process. The Complaint adequately alleges that Plaintiff was deprived of pension benefits pursuant to his 2008 Application without due process. The claim is not barred by section 1983's three-year statute of limitations because it accrued on June 11, 2018, when Defendant acknowledged the validity of Plaintiff's 2008 Application and refused to consider it. Collateral estoppel does not apply because the state court found only that a different claim pertaining to Defendant's June 17, 2017, decision had accrued on June 17, 2017. The *Rooker-Feldman* doctrine is inapplicable because the Complaint does not allege injuries caused by the state court judgment or invite review and rejection of the judgment. Plaintiff's claim is dismissed to the extent it relies on the New York Constitution, because that claim is duplicative of the federal claim. *Hawthorne v. County of Putnam*, 492 F. Supp. 3d 281, 304-05 (S.D.N.Y. 2020) ("District courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under [Section] 1983.") (cleaned up). These conclusions are more fully explained below.

### 1. Plaintiff's Procedural Due Process Claim

"To state a claim under Section 1983, a plaintiff must allege (1) 'the challenged conduct was attributable to a person who was acting under color of state law,' and (2) 'the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution.'" *Paul v. Capra*, No. 20 Civ. 5154, 2022 WL 992845, at *4 (S.D.N.Y. Mar. 31, 2022); *accord Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). The first element is satisfied here, as "NYCERS is a New York City administrative agency, which qualifies as a 'person' acting 'under color' of state law." *Smalls*, 2019 WL 3716444, at *3 n.2 (quoting *Campo v. NYCERS*, 843 F.2d 96, 99 (2d Cir. 1988)). "In a § 1983 suit brought to enforce procedural due process rights, a court must first determine whether a property interest is implicated, and then, if it is, determine what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 931 F.3d 66, 80 (2d Cir. 2019).

As discussed above, "[t]here is little question that plaintiff's right to continued pension payments is a property right protected by the due process clause of the Fourteenth Amendment." *Smalls*, 2019 WL 3716444, at *4. The Complaint alleges that Plaintiff had a "legitimate claim of entitlement to" pension benefits, because the "regulations governing the distribution of benefits 'meaningfully channel official discretion by mandating a defined administrative outcome,'" notwithstanding some "'judgment in applying' a standard" on Defendant's part. *Barrows v. Becerra*, 24 F.4th 116, 139 (2d Cir. 2022). Plaintiff "did not withdraw [his] pension contributions," and Defendant determined that he was "eligible to file for Disability Retirement provided that the agency grants [him] leave without pay." After HPD granted Plaintiff leave, Defendant deemed Plaintiff's 2008 Application "valid." Plaintiff had even been approved for benefits before, based on injuries incurred prior to the 2008 Application. Contrary to Defendant's argument, pension benefits are not merely "simple, state-law contractual rights" that

are not "worthy of substantive due process protection." *Local 342, Long Island Pub. Serv. Empls., UMD, ILA, AFL-CIO v. Town Bd. of the Town of Huntington*, 31 F.3d 1191, 1196. Unlike most contract rights, the right to unimpaired pension benefits is protected by the New York Constitution. *See* N.Y. Const. art. V, § 7 ("[M]embership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired."); *see Weaver v. NYCERS*, 717 F. Supp. 1039, 1043 (S.D.N.Y. 1989) (collecting cases).

To determine if Plaintiff received due process before being deprived of his property interest, "the court must engage in the familiar three-factor test first articulated in *Mathews v. Eldridge*," and balance "(1) the private interest at stake; (2) the risk of an erroneous deprivation of that interest through the procedures used and the probable value (if any) of alternative procedures; [and] (3) the government's interest, including the possible burdens of alternative procedures." *Barrows*, 24 F.4th at 140 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Defendant's June 11, 2018, letter stated that "[t]he NYCERS Medical Board did not consider" the 2008 Application at all, even as the letter stated that Plaintiff's retroactive leave made the 2008 Application "valid." This followed numerous prior communications from Defendant stating that the 2008 Application "could not be processed." By refusing even to "consider" or "process[]" Plaintiff's application, Defendant afforded Plaintiff no process at all, and the availability of Article 78 proceedings does not cure that deficit.

This is not a case where postdeprivation process can cure the lack of earlier process. "[I]n certain circumstances, the lack of such predeprivation process will not offend the constitutional guarantee of due process, provided there is sufficient postdeprivation process." *Catanzaro v. Weiden*, 188 F.3d 56, 61 (2d Cir. 1999); *accord Anderson v. Townsend*, No. 21 Civ.

9

3569, 2021 WL 5359681, at *5 (S.D.N.Y. Nov. 17, 2021).  In the procedural due process context, "the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996).  For random, unauthorized acts, due process is satisfied "so long as the State provides a meaningful postdeprivation remedy." *Id.*; *accord Anderson*, 2021 WL 5359681, at *5.  On the other hand, "[w]hen the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880; *accord Salahuddin v. City of Mount Vernon*, No. 20 Civ. 7021, 2022 WL 564002, at *3 (S.D.N.Y. Feb. 24, 2022); *see also Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465-66 (2d Cir. 2006) (elaborating on "[t]he distinction between random and unauthorized conduct and established state procedures").

Defendant deprived Plaintiff of property pursuant to an established state procedure, so some pre-deprivation process was required.  "An action is authorized where a state delegates to the defendants the power and authority to effect the very deprivation complained of, and also delegates to them the concomitant duty to initiate the procedural safeguards set up by state law to guard against unlawful deprivation." *Salahuddin*, 2022 WL 564002, at *3; *accord Rivera-Powell*, 470 F.3d at 465.  In general, acts of "ultimate decision-maker[s]" with "final authority over significant matters," are not "considered 'random and unauthorized' conduct for purposes of procedural due process analysis," even if "contrary to law." *Rivera-Powell*, 470 F.3d at 465-66 (collecting cases); *see Salahuddin*, 2022 WL 564002, at *3.  Defendant is tasked by the City

10

with finally adjudicating pension applications and has a set of procedures for doing so. Consequently, predeprivation process was required.

While the availability of postdeprivation Article 78 proceedings may make up for a NYCERS process that "was not wholly adequate," the backstop of judicial remedies does not excuse a complete lack of predeprivation process. *See King v. NYCERS*, 595 F. App'x 10, 12 (2d Cir. 2014) (summary order) (collecting cases); *see Green v. Dept. of Educ. of City of New York*, 16 F.4th 1070, 1077 (2d Cir. 2021); *Rivera-Powell*, 470 F.3d at 467 (2d Cir. 2006) (pre-deprivation process "need not be elaborate" so long as it provides "notice and an opportunity to respond"). At least some pre-deprivation process is required in the analogous "context of termination or suspension of pension benefits." *Minima v. NYCERS*, No. 11 Civ. 2191, 2012 WL 4049822, at *7 (E.D.N.Y. Aug. 17, 2012) (collecting cases); *accord Smalls*, 2019 WL 3716444, at *5; *King v. NYCERS*, 212 F. Supp. 3d 371, 403 (E.D.N.Y. 2016). The cases in which Article 78 alone was sufficient to address a NYCERS pension issue are cases in which plaintiffs sought to change their own benefit elections, not any decision by NYCERS. *See, e.g., Campo*, 843 F.2d 96 (finding Article 78 adequate where plaintiff contested deceased husband's selection of an option that did not include a survivor's benefit); *Bagedonow v. NYCERS*, No. 09 Civ. 9603, 2010 WL 2927436, at *4 (S.D.N.Y. 2010) (finding Article 78 adequate where Plaintiff challenged his own plan selection after the fact). Defendant's refusal even to initiate the established procedures for adjudicating valid applications is inadequate predeprivation process under any standard.

    2. **Statute of Limitations**

Plaintiff's claim is not time barred by Section 1983's three-year statute of limitations because the Complaint sufficiently alleges that the claim accrued on June 11, 2018, and Plaintiff

filed suit on June 7, 2021.  *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *accord Lucente v. County of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020).

### a. Application of Section 1983's Statute of Limitations

The "statute of limitations is an affirmative defense for which [the defendant] bears the burden of proof." *Browe v. CTC Corp.*, 15 F.4th 175, 190 (2d Cir. 2021) (alteration in original). Dismissal is appropriate only if "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (internal quotation marks omitted).

The Complaint sufficiently alleges that Plaintiff's procedural due process claim accrued on June 11, 2018, the first time Defendant addressed and summarily rejected Plaintiff's concededly valid 2008 Application. Federal claims accrue when "the plaintiff knows or has reason to know of the injury which is the basis of his action,' that is, 'the allegedly impermissible conduct and the resulting harm.'" *DeSuze v. Ammon*, 990 F.3d 264, 270 (2d Cir. 2021); *see McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019); *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up). A procedural due process violation "is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990); *accord Tammaro v. City of New York*, No. 13 Civ. 6190, 2018 WL 1621535, at *7 (S.D.N.Y. Mar. 30, 2018).

Contrary to Defendant's argument, the claim did not accrue on June 8, 2017, because at that time, Defendant addressed only the 2011 Application; Defendant's 2017 decision viewed the 2008 Application as untimely and stated only that an *untimely* prior application did not require retroactive benefits under the 2011 Application. The first time Plaintiff learned that Defendant would reject his 2008 Application without a hearing -- despite conceding its validity -- was June 11, 2018. *See Duncan v. Sullivan County*, No. 18 Civ. 9269, 2020 WL 1033064, at *5 (S.D.N.Y.

12

Mar. 2, 2020) ("[T]he date of accrual is the time when a final determination is issued . . . the time at which the litigant could have assumed that he or she had received a final determination"); *Urbina v. Port Auth. of N.Y.*, No. 15 Civ. 8647, 2017 WL 3600424, at *5 (S.D.N.Y. Aug. 18, 2017) ("'[P]rocedural due process claim accrues when a plaintiff is given final notice that she would not receive further process' or when plaintiff requests a hearing and is denied.").

### b. Collateral Estoppel

Collateral estoppel does not require a different result, because the statute of limitations issue in this action was not raised or decided in the Article 78 proceeding. Collateral estoppel "applies only where 'the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action.'" *Simmons v. Trans Express Inc.*, 170 N.E.3d 733, 737 (N.Y. 2021). The Article 78 court found only that Plaintiff's arbitrary-and-capricious challenge to Defendant's 2017 decision was untimely. The Article 78 proceeding did not address Defendant's refusal on June 11, 2018, even to adjudicate the 2008 Application. The state court characterized the 2018 letters as mere "request[s] for reconsideration" of the earlier decision that did not extend the four-month limitation period because they "did not constitute a fresh and complete examination based on newly presented evidence." *See Teichmann*, 111 N.Y.S.3d at 177. That state-law ruling does not preclude this Court's determination under federal law of when Plaintiff's due process claim accrued. *See McDonough*, 139 S. Ct. at 2155 ("'[T]he time at which a § 1983 claim accrues 'is a question of federal law.'").

Even if the Article 78 court had addressed this issue, collateral estoppel does not "bar relitigation of a pure question of law," such as "when a cause of action accrues for Statute of Limitations purposes." *Avon Dev. Enters. Corp. v. Samnick*, 730 N.Y.S.2d 295, 297 (1st Dep't 2001) (citing *Am. Home Assurance Co. v. Int'l Ins. Co.*, 684 N.E.2d 14, 16 (N.Y. 1997)); *accord*

13

*CitiMortgage, Inc. v. Ramirez*, 136 N.Y.S.3d 572, 574 (3d Dep't 2020); *Horror Inc. v. Miller*, 15 F.4th 232, 241 (2d Cir. 2021) ("The application of a statute of limitations presents a legal issue . . . ."). Collateral estoppel therefore does not preclude this action on statute of limitations grounds.

### c. Rooker-Feldman Doctrine

Plaintiff's procedural due process claim is not barred by the *Rooker-Feldman* doctrine. "[F]our requirements . . . must be met for *Rooker-Feldman* to apply: (1) 'the federal-court plaintiff must have lost in state court[;]' (2) 'the plaintiff must complain of injuries caused by a state-court judgment[;]' (3) 'the plaintiff must invite district court review and rejection of that judgment[;]' and (4) 'the state-court judgment must have been rendered before the district court proceedings commenced.'" *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021). Although the first and fourth so-called "procedural" requirements are both plainly satisfied, neither of the two "substantive" requirements are met. Plaintiff's alleged injuries were not caused by the state court judgment, and Plaintiff's claim does not invite review or rejection of that judgment.

The requirement that the complained-of injury be "caused by a state-court judgment . . . is the core requirement from which the other *Rooker-Feldman* requirements derive." *Id.* at 102. By definition, "a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed prior in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007); *accord Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 641 (2d Cir. 2021). Plaintiff's procedural due process claim seeks relief for Defendant's denial of his pension benefits under his 2008 Application, which occurred

14

at the latest on June 11, 2018, two months before Plaintiff filed his Article 78 challenge in August. *See, e.g., King*, 595 F. App'x at 11 ("King's action is not barred by Rooker–Feldman because he does not solely complain of injuries caused by a state court judgment. Rather, he complains of NYCERS's decision to deny him Tier I benefits. That decision predates his Article 78 proceeding, 'and so could not have been "caused by" those proceedings.'"). For *Rooker-Feldman* to apply, the acts that caused the complained-of injury must be "produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Dorce*, 2 F.4th at 104 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)).

Defendant's arguments are based on an outdated conception of the *Rooker-Feldman* doctrine that was abrogated by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). After *Exxon*, "applicability of the *Rooker-Feldman* doctrine turns not on the *similarity* between a party's state-court and federal-court claims . . . but rather on the *causal relationship* between the state-court judgment and the injury of which the party complaints in federal court." *McKithen*, 481 F.3d at 97-98; *Plymouth Venture*, 988 F.3d at 641. Current "doctrine does not 'stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *McKithen*, 481 F.3d at 98 (quoting *Exxon Mobil*, 544 U.S. at 293); *accord In re Lau*, No. 20 Civ. 1930, 2021 WL 796619, at *6 (S.D.N.Y. Feb. 26, 2021).

Contrary to Defendant's argument, this action is not an "attempt to void" the state judgment merely because it seeks a different result. *See McKithen*, 471 F.3d at 98 ("A plaintiff who seeks in federal court a result opposed to the one he achieved in state does not, for that reason alone, run afoul of *Rooker-Feldman*."); *accord Reliability Inc. v. Doki*, No. 20 Civ. 7109, 2021 WL 3408589, at *8 (S.D.N.Y. Aug. 4, 2021). Nor is Plaintiff's claim "inextricably

intertwined" with the state court judgment because it can "succeed[] only to the extent that the state court wrongly decided the issues before it" or is "predicated upon a determination that a state court ruling was incorrect." *See McKithen*, 481 F.3d at 97 n.7.

Defendant's assertion that Plaintiff is engaged in impermissible forum shopping is similarly without merit. The *Rooker-Feldman* doctrine prohibits appealing state court decisions to federal district courts, not forum shopping. *Exxon Mobil* specifically rejected the earlier conception of the doctrine that would go beyond the four-factor test described above to "override Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and supersede the ordinary application of preclusion law under 28 U.S.C. § 1738." *Dorce*, 2 F.4th at 101 (quoting *Exxon Mobil*, 544 U.S. 280, 283 (2005)) (cleaned up).

### C. Breach of Contract

Defendant argues that Plaintiff's breach of contract claim is barred by the *Rooker-Feldman* doctrine and collateral estoppel. These arguments are unavailing for the reasons discussed above. Defendant also argues that the Court should not retain supplemental jurisdiction if all federal claims are dismissed. This argument fails because the procedural due process claim survives. Defendant's motion to dismiss the breach of contract claim is denied.

### D. Intentional Infliction of Emotional Distress

Plaintiff's claim for intentional infliction of emotional distress is dismissed for lack of jurisdiction, because the Complaint does not allege that Plaintiff timely served a notice of claim. New York law requires Plaintiff to serve on New York City a "notice of claim" before filing any tort claim against "the city or any agency." N.Y. Gen. Mun. Law § 50-k(6); *see DeSimone v. NYCERS*, 876 N.Y.S.2d 467, 468 (2d Dep't 2009) ("[NYCERS] is an administrative agency of the City of New York . . . ."). Notice must be served "within ninety days after the claim arises."

§ 50-e(1)(a). "While 'New York's notice of claim requirements are not applicable to section 1983 claims brought in federal court . . . the requirements do apply to state law personal injury claims that are brought in federal court as related to section 1983 cases." *McTerrell v. N.Y.C. Health & Hosp. Corp.*, No. 19 Civ. 4469, 2020 WL 1503194, at *4 (S.D.N.Y. Mar. 30, 2020).

Even if Plaintiff's notice of claim were substantively adequate, the Complaint does not allege, as it must, that it was timely filed. *See* § 50-i(1) (requiring "an allegation in the complaint . . . that at least thirty days have elapsed since the service of such notice," i.e., "a notice of claim . . . in compliance with" the requirements of § 50-e, including the time limits); *accord Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999); *Columna v. City of New York*, No. 19 Civ. 3801, 2022 WL 767103, at *6 (S.D.N.Y. 2022). The Complaint alleges that a filing was made with the Office of the Comptroller but not the date of filing. Defendant's motion attaches two filings titled "Notice of Claim" dated February 8, 2019, but the Complaint does not allege any adverse action by Defendant after June 11, 2018, or that Plaintiff sought to "extend the time to serve a notice of claim." § 50-e(5). Because the notice of claim was filed more than 90 days after the latest date on which Plaintiff's tort claims could have arisen, this Court lacks jurisdiction over Plaintiff's state law tort claim. *See Morales v. City of New York*, No. 14 Civ. 7253, 2016 WL 9651130, at *6 (S.D.N.Y. Aug. 9, 2016) ("[F]ederal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim.").

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. The following claims are dismissed: due process claims that rely on the New

York Constitution, the section 1983 claim to the extent it relies on alleged violations of substantive due process and the intentional infliction of emotional distress claim. Defendant's motion is denied as to the following claims, which survive: the breach of contract claim and the section 1983 claim to the extent it relies on alleged violations of procedural due process.

The Clerk of Court is respectfully directed to close the motion at Docket Number 20.

Dated: September 14, 2022
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**